HERITAGE LAW FIRM, LLC
GREGORY M. HERITAGE, ESQ.
Alaska Bar No. 0712107
P.O. Box 110796
Anchorage, Alaska 99511-0796
(907) 222-2584/Fax 222-3056
E-mail: greg@heritagelawak.com
Attorney for Jessica Hopkins

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JESSICA ELIZABETH HOPKINS,<br><br>      Defendant. | Case No. 3:16-cr-00048-02-SLG |

## **MOTION FOR COMPASSIONATE RELEASE TO HOME CONFINEMENT**

COMES NOW Defendant Jessica Hopkins by and through her Attorney Gregory M. Heritage and submits this Motion for Compassionate Release to Home Confinement and respectfully requests the Court grants Jessica Hopkins compassionate and early release to home confinement due to her vulnerable health condition during the current national crisis and pandemic.

Dated this 5th day of March, 2021

                                              Respectfully Submitted:

                                              //GMH//

                                              _____

                                              GREGORY M. HERITAGE, ESQ.
                                              Alaska Bar No. 0712107

Motion for Compassionate Release to Home Confinement
*U.S. v. Jessica Elizabeth Hopkins*; 3:16-cr-00048
Page 1 of 11

Case 3:16-cr-00048-SLG   Document 108   Filed 03/05/21   Page 1 of 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PROCEDURAL POSTURE

On 5/18/2016, the USAO filed the indictment concerning Jessica Hopkins.[1] On 5/23/2016, the Court conducted the Arraignment on the Indictment for Jessica Hopkins.[2] During this hearing, the Court ordered detention for Jessica Hopkins.[3]

On 12/1/2016, Jessica Hopkins pled guilty to Count 1,[4] which was Conspiracy to Distribute, Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) and (C).[5] On 5/1/2017, the clerk of court filed the Judgment sentencing Jessica Hopkins to 78 months imprisonment, 5 years supervised release, and a $100 special assessment.[6] Several years later on 3/1/2021, Attorney Gregory Heritage entered his appearance to represent Jessica Hopkins concerning her motion for compassionate release.[7]

The Federal Bureau of Prisons Inmate Locator shows that Jessica Elizabeth Hopkins with BOP Register Number 19449-006 is located with Seattle RRM and her release date is 11/25/2021.[8] Thus, Jessica's release date to supervised release is in about eight months.

---

[1] Docket 2 dated 5/18/2016.
[2] Docket 10 dated 5/23/2016.
[3] Docket 12 dated 5/23/2016.
[4] Docket 49 dated 12/1/2016.
[5] Indictment at Docket 2 dated 5/18/2016.
[6] Docket 86 dated 5/1/2017.
[7] Docket 107 dated 3/1/2021.
[8] Federal Bureau of Prisons Inmate Locator at BOP.gov.

Motion for Compassionate Release to Home Confinement
*U.S. v. Jessica Elizabeth Hopkins*; 3:16-cr-00048
Page 2 of 11

HERITAGE LAW FIRM, LLC
P.O. Box 110796 • Anchorage, Alaska 99511-0796
Phone: (907) 222-2584 • Fax: (907) 222-3056
Email: greg@heritagelawak.com

HERITAGE LAW FIRM, LLC
P.O. Box 110796 • Anchorage, Alaska 99511-0796
Phone: (907) 222-2584 • Fax: (907) 222-3056
Email: greg@heritagelawak.com

## II.

## FACTS

After being sentenced in 2016, the Bureau of Prisons (BOP) incarcerated Jessica Hopkins at the Dublin Federal Correctional Institution (FCI) in California. While imprisoned at Dublin FCI, Jessica reported that she successfully completed the intensive Residential Drug Abuse Program (RDAP). After successfully completing RDAP, Jessica continued treatment with RDAP's aftercare programs at Dublin.

While in Dublin FCI, Jessica reported that the prison's medical officials identified that she has high blood pressure. As a result of this high blood pressure and the COVID-19 pandemic, Jessica reported that BOP prison officials allowed Jessica to return to Alaska for home detention at her parents' home in Cordova.

The Anchorage Cordova Center director, Fou Vaivai, confirmed that BOP sent Jessica Hopkins to the Cordova Center on 11/25/2020.[9] Jessica, however, could not be placed on home confinement in Cordova, Alaska, because Electronic Monitoring was not available there for BOP inmates.[10] The Cordova Center director stated that BOP's Residential Re-entry Management (RRM) Office in Seattle was the point of contact for decisions concerning Jessica's placement.[11]

In addition to completing RDAP at Dublin FCI, Jessica also successfully completed her welding apprenticeship. Further, she attend various educational classes to fully use time in prison to make necessary changes.

---

[9] Phone conference with the Cordova Center director named Fou Vaivai at 1130 hours on 3/3/2021.
[10] Phone conference with the Cordova Center director named Fou Vaivai at 1130 hours on 3/3/2021.
[11] The Cordova Center director provided the following contact information for the BOP Residential Re-Entry Management Office in Seattle: (206) 870-1011 with email cse-ccm@bop.gov.

Motion for Compassionate Release to Home Confinement
*U.S. v. Jessica Elizabeth Hopkins*; 3:16-cr-00048
Page 3 of 11

After being placed at the Cordova Center, Jessica continued aftercare substance abuse treatment with Jet Morgan in Anchorage. In addition to treatment, Jessica became fully employed working as a sales representative for Alaska Industrial Hardware and she works from 7:00 am until 3:30 pm each day on Monday through Friday. By working hard, Jessica earned and saved money. Due to her successful employment, Jessica hopes to rent an apartment and remain in Anchorage for aftercare treatment and work.

## III.
## THE COURT HAS THE AUTHORITY TO GRANT JESSICA HOPKINS A COMPASSIONATE RELEASE

The Court has authority to modify sentences for compelling reasons after a defendant has exhausted all administrative rights. Specifically, U.S.C. 18 § 3582(c) provides in pertinent part:

> **"(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> **(1)** in any case—
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> **(i)** extraordinary and compelling reasons warrant such a reduction; or…"

Thus, the Court can modify an imposed term of imprisonment if there are extraordinary and compelling reasons. When such compelling reasons exist, defendant can file a motion to modify a term of imprisonment after exhausting the Bureau of Prison's administrative rights or after the lapse of 30 days from receipt of such a request by the warden of the facility.

HERITAGE LAW FIRM, LLC
P.O. Box 110796 • Anchorage, Alaska 99511-0796
Phone: (907) 222-2584 • Fax: (907) 222-3056
Email: greg@heritagelawak.com

Motion for Compassionate Release to Home Confinement
U.S. v. Jessica Elizabeth Hopkins; 3:16-cr-00048
Page 4 of 11

Case 3:16-cr-00048-SLG   Document 108   Filed 03/05/21   Page 4 of 11

Pursuant to the statute, the United States Sentencing Commission provides implementing instructions. Specifically, U.S.S.C. section 1B1.13 provides:

> **"§1B1.13 - REDUCTION IN TERM OF IMPRISONMENT UNDER 18 U.S.C § 3582(C)(1)(A) (POLICY STATEMENT)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement."

Thus, the Court can modify imposed sentences if there are extraordinary and compelling reasons and the defendant is not a danger to the community.

The former U.S. Attorney General William Barr distributed a Memorandum for the Director of Bureau of Prisons dated April 3, 2020. In this letter, Mr. Barr wrote in pertinent part:

> "Last week, I directed the Bureau of Prisons to prioritize the use of home confinement as a tool for combatting the dangers that COVID-19 poses to our vulnerable inmates, while ensuring we successfully discharge our duty to protect the public......For all inmates whom you deem suitable candidates for home confinement, you are directed to immediately process them for transfer…"[12]

---

[12] Memorandum for Director of Bureau of Prisons from Attorney General William Barr dated April 3, 2020.

Motion for Compassionate Release to Home Confinement
*U.S. v. Jessica Elizabeth Hopkins*; 3:16-cr-00048
Page 5 of 11

Case 3:16-cr-00048-SLG   Document 108   Filed 03/05/21   Page 5 of 11

HERITAGE LAW FIRM, LLC
P.O. Box 110796 • Anchorage, Alaska 99511-0796
Phone: (907) 222-2584 • Fax: (907) 222-3056
Email: greg@heritagelawak.com

Thus, the U.S. Attorney General directed the use of home confinement to help mitigate the risk of COVID-19.

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[13] Accordingly, the Court may reduce a term of imprisonment and may impose a term of supervised release if extraordinary and compelling reasons warrant such a reduction.

## IV.
## EXTRAORDINARY AND COMPELLING REASONS EXIST TO GRANT JESSICA HOPKINS EARLY HOME CONFINEMENT DUE TO HER VULNERABILITIES CAUSED FROM HIGH BLOOD PRESSURE

There are extraordinary and compelling reasons in this case to grant Jessica Hopkins early home confinement. Due to her compromised medical condition, BOP allowed Jessica to return to Alaska for home confinement. Jessica's home confinement could not be completed because Electronic Monitoring for federal inmates was not available in Cordova, Alaska. Consequently, Jessica remains in Anchorage at the crowded Cordova Center.

Jessica is vulnerable to severe complications to COVID-19 due to high blood pressure. The Center for Disease Control provided notice through their government website that, "…Based on what we know at this time, adults of any age with the following conditions might be at an increased risk for severe illness from the virus that causes COVID-19:….Hypertension

---

[13] First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 State 5194.

Motion for Compassionate Release to Home Confinement
U.S. v. Jessica Elizabeth Hopkins; 3:16-cr-00048
Page 6 of 11

or high blood pressure."[14] Thus, high blood pressure has been recognized by the Center for Disease Control as a risk factor for severe complications concerning COVID-19.

Similarly, the Mayo Clinic warned about potential risk factors for those having high blood pressure. The Mayo Clinic provided notice that:

> "High blood pressure is a serious condition. Left untreated, it can lead to many other health issues. Health risks linked to high blood pressure include heart disease, stroke and dementia. The latest evidence shows that people with uncontrolled or untreated high blood pressure may be at risk of getting severely ill with COVID-19. It's also important to note that people with untreated high blood pressure seem to be more at risk of complications from COVID-19 than those whose high blood pressure is managed with medication…"[15]

Thus, the best experts in America have provided warnings that people with high blood pressure have increased risks for serious complications if infected by COVID-19.

Jessica Hopkins is at risk because she has high blood pressure, she is 40 years old, and she lives in the crowded Cordova Center. Jessica reported that on 3/3/2021, the Cordova Center reported another infection from COVID-19. At Alaska's Goose Creek Correctional Center more than 80% of the prisoners were infected with COVID-19 over the past several months. On 3/3/2021, BOP provided notice that there have been 224 federal inmate deaths and four BOP staff member deaths attributed to COVID-19 disease.[16]

Due to her vulnerable health condition, Jessica Hopkins hopes to mitigate her risk of exposure to COVID-19 through home confinement. Already, Jessica is working

---

[14] CDC.Gov dated 3/3/2021.
[15] Mayoclinic.org dated 3/3/2021.
[16] Notice from Bureau of Prisons on their official website BOP.gov on 3/3/2021.

Motion for Compassionate Release to Home Confinement
U.S. v. Jessica Elizabeth Hopkins; 3:16-cr-00048
Page 7 of 11

full time and she will rent an apartment in Anchorage using her own money. Jessica will then remain in home confinement with electronic monitoring.

## V.

## JESSICA IS NO DANGER TO SOCIETY

Jessica is not a danger to society and she is not a flight risk. Jessica certainly poses no risk of flight because she has completed most of her sentence. Jessica's release date is 11/25/2021.[17] Thus, Jessica has completed nearly all of her term of imprisonment. Consequently, she is no flight risk because she has served nearly all of her prison time.

Additionally, Jessica is not a danger to the community. Prior to this serious drug offense, Jessica had no significant criminal record and no history of violence. In this case, Jessica got into serious trouble due to her substance abuse issues.

To resolve these issues, Jessica successfully completed the intensive RDAP along with the aftercare programs. Additionally, Jessica continues aftercare treatment with Jet Morgan in Anchorage. Thus, Jessica successfully completed numerous programs to permanently resolve her substance abuse issues. To ensure continued success concerning substance abuse, Jessica can be tested on a regular basis while in home confinement.

While attending Jet Morgan's aftercare treatment and working full time in Anchorage, Jessica has already been out in the community for numerous months while living at the Cordova Center. During this period out in the community, Jessica has demonstrated that she is no risk to society.

---

[17] Federal Bureau of Prisons Inmate Locator at BOP.gov.

Motion for Compassionate Release to Home Confinement
U.S. v. Jessica Elizabeth Hopkins; 3:16-cr-00048
Page 8 of 11

HERITAGE LAW FIRM, LLC
P.O. Box 110796 • Anchorage, Alaska 99511-0796
Phone: (907) 222-2584 • Fax: (907) 222-3056
Email: greg@heritagelawak.com

If released to home detention in Anchorage, Jessica will be on supervised release for the next five years. Thus, Jessica will have strict conditions to follow, close supervision, and regular drug testing. Accordingly, Jessica has already demonstrated she is not a flight risk or danger to society and five years of supervised release provides significant safeguards to ensure Jessica's continued success.

## VI.

## **JESSICA'S ADMINISTRATIVE PROCEDURES HAVE BEEN EXHAUSTED**

BOP sent Jessica to the Anchorage Cordova Center on November 25, 2020, so she could be transferred to home detention in Cordova. Due to no electronic monitoring for federal inmates in Cordova, BOP kept Jessica in Anchorage.

On or about December 1, 2020, Jessica requested to be placed in home confinement, but was refused. Accordingly, more than three months have passed since BOP denied Jessica's request to be placed in home confinement.

Although more than three months have already passed since the denial of the request for home confinement, Jessica's attorney contacted BOP's RRM (Residential Re-entry Management) office in Seattle. Very efficiently at 6:45 am on March 4, 2021, Colby Seaman from RRM provided the notice at **Exhibit 1**.

Colby Seaman explained that "ALL inmates are reviewed for transfer to home confinement, and when they meet the eligibility criteria, are transferred. I will follow up on this inmate regarding home confinement status to ensure they have been reviewed accordingly."[18] Based on this email and the fact that more than three months have

---

[18] Exhibit 1, Email from RRM's Colby Seaman dated 3/4/2021.

Motion for Compassionate Release to Home Confinement
*U.S. v. Jessica Elizabeth Hopkins*; 3:16-cr-00048
Page 9 of 11

already passed since Jessica was denied home confinement, it is reasonable to conclude the decision to deny was final.

## VII.

## **JESSICA HOPKINS' PROPOSED RELEASE PLAN TO HOME CONFINEMENT**

Jessica Hopkins' proposed release plan would include the following:

- Confined to home detention at her apartment in Anchorage; Jessica has already saved enough money to obtain an apartment, but has not yet executed a rental agreement until permission is granted by the Court;

- Remain in home confinement except for work, gym, treatment, college, medical appointments, and legal appointments;

- Monitored by an electronic device;

- Subject to unannounced drug and alcohol tests;

- Participation in drug and alcohol aftercare treatment;

- Subject to additional conditions and restrictions as recommended.

Jessica's request is to begin home confinement in April 2021. Due to her high blood pressure and the threat of severe complications from COVID-19, Jessica hopes to begin home confinement in April 2021. This home confinement would allow Jessica to mitigate her risks and exposure by avoiding the crowded and potentially dangerous living conditions at the Anchorage Cordova Center.

Motion for Compassionate Release to Home Confinement
*U.S. v. Jessica Elizabeth Hopkins*: 3:16-cr-00048
Page 10 of 11

Case 3:16-cr-00048-SLG   Document 108   Filed 03/05/21   Page 10 of 11

HERITAGE LAW FIRM, LLC
P.O. Box 110796 • Anchorage, Alaska 99511-0796
Phone: (907) 222-2584 • Fax: (907) 222-3056
Email: greg@heritagelawak.com

## CONCLUSION

Granting Jessica Hopkins' request for home confinement would be an act of compassion due to her high risk of exposure to COVID-19 while living at the crowded Anchorage Cordova Center and the danger of severe complications because of her vulnerable health condition caused by high blood pressure. Additionally, granting Jessica's request for compassionate release to home detention would be an act of mutual benefit to assist a nonviolent offender's sincere efforts to safely transition back into society, and to assist the U.S. government as it is deeply in debt, but still mandated to manage crowded and expensive prisons.

Dated this 5th day of March, 2021

Respectfully Submitted:

//GMH//

GREGORY M. HERITAGE, ESQ.
Alaska Bar No. 0712107

**CERTIFICATE OF SERVICE**
I hereby certify that on 3/5/2021, I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

//GMH//

Gregory M. Heritage, Esq.

Motion for Compassionate Release to Home Confinement
*U.S. v. Jessica Elizabeth Hopkins*; 3:16-cr-00048
Page 11 of 11

Case 3:16-cr-00048-SLG   Document 108   Filed 03/05/21   Page 11 of 11